# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07-CR-00193-DGK-02 |
| FREDERICK D. DARRINGTON, JR., | ) |
| Defendant. | ) |

## ORDER DENYING SUCCESSIVE § 2255 MOTION

In 2008, Defendant Frederick D. Darrington Jr. pled guilty to two counts of carjacking, in violation of 18 U.S.C. § 2119, and one count of using and carrying a firearm during a crime of violence, namely carjacking, in violation of 18 U.S.C. § 924(c). ECF No. 95. He was subsequently sentenced to 300 months' imprisonment. ECF No 134.

Now before the Court is Defendant's pro se "Motion for Application to the Court to Grant Compassionate Release Pursuant to 18-USCS-3582(c)(1)(A) and the First Step Act of 2018". ECF No. 192. As best the Court can tell, Defendant argues he should be granted compassionate release based on (1) a frivolous sovereign citizen-style jurisdictional claim that federal laws only apply when the federal government has exclusive jurisdiction; and (2) that his § 924(c) conviction is invalid per *United States v. Davis*, 588 U.S. ___, 139 S.Ct. 2319 (2019).

Despite Defendant titling his motion as one for compassionate release, it is substantively a § 2255 motion, and so the Court treats its as such.[1] *See United States v. Fine*, 982 F.3d 1117, 1118

---

[1] Even if the Court construed the motion as one for compassionate release, Defendant has not set forth any extraordinary and compelling reasons for his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3553(a) (listing factors). And the Court finds Defendant would be a danger to the community if released, especially in light of Defendant's criminal activity (which included multiple armed carjackings culminating with a vehicular pursuit and shooting of a police officer).

(8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."). Defendant, however, already brought a § 2255 motion based on this same argument—that is, that *Davis* invalidated his § 924(c) conviction—which the Court denied in August 2020.[2] *See* Civil Case, 4:20-cv-00490-DGK, ECF Nos. 2, 8. This Court and the Eighth Circuit Court of Appeals subsequently declined to issue a certificate of appealability. *See id.* at 3; *see also* Order, *Frederick D. Darrington, Jr. v. United States*, No. 20-2831 (8th Cir. December 15, 2020). As such, Defendant does not have authorization to file a successive motion in this case as required by 28 U.S.C. § 2255(h). *See Fine*, 982 F.3d at 1119.

Accordingly, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Date:  November 22, 2023           /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT

---

[2] Specifically, the Court concluded *Davis* only held unconstitutional the residual clause of § 924(c)(3)(B) but did not address the constitutionality of the force clause, i.e., § 924(c)(3)(A). And, post-*Davis*, the Eighth Circuit continues to hold carjacking constitutes a crime of violence under the force clause, thus invalidating Defendant's § 2255 motion. *See* Civil Case, 4:20-cv-00490-DGK, ECF No. 8 at 2.